IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCOS IBARRA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF TAHLEQUAH, | ) | |
| CLAY MAHANEY, individually, | ) | Case No. 12-CV-0098-JHP |
| JASON GIRDNER, individually, | ) | |
| ANTONIO AGUILAR, individually, | ) | |
| SKYLAR GREEN, individually, | ) | |
| BRANDON VICK, individually, | ) | |
| WILLIAM METCALFE, individually, | ) | |
| | ) | |
|    Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Vacate Order/Judgment, [Doc. No. 123], and Defendants' Motion to Enforce Settlement Agreement, [Doc. No. 127]. After review of the briefs, and for the reasons stated below, both Plaintiff's Motion to Vacate Order/Judgment, [Doc. No. 123], and Defendants' Motion to Enforce Settlement Agreement, [Doc. No. 127], are **DENIED**.

**BACKGROUND**

On March 6, 2012, Plaintiff commenced this action by filing a Complaint in this Court, asserting claims arising from events occurring on December 31, 2011. [Doc. No. 2]. The parties litigated the matter for more than a year, and, following the resolution of the dispositive motion in the case, the case was set for a summary jury trial. [Doc. No. 119].[1] On June 26, 2013, Magistrate Judge Shreder presided over the one-day summary jury trial, wherein the parties were

---

[1] Much of the expanded procedural history of this case is set out in the Court's May 13, 2013 Opinion and Order, [Doc. No. 117].

allowed to present their case to a jury empaneled to provide a non-binding verdict.  [Doc. No.

120].   Immediately following the summary jury trial, the parties participated in a settlement

conference facilitated by Magistrate Judge Shreder, which successfully concluded with

settlement.  [Doc. No. 121].  On June 28, 2013, the Court entered an administrative closing

order, which provided the following:

> The Court has been advised by counsel that this action has been settled, or
> is in the process of being settled. Therefore, it is not necessary that the action
> remain upon the calendar of the Court.
>
> **IT IS ORDERED** that the action as to all claims is dismissed without
> prejudice pursuant to Fed.R.Civ.P. 41(a)(2) subject to the conditions set forth
> herein. The Court retains complete jurisdiction to vacate this order and to reopen
> the action upon cause shown that settlement has not been completed and further
> litigation is necessary. **This Administrative Closing Order shall mature into a
> final judgment pursuant to Fed.R.Civ.P. 54 and Fed.R.Civ.P. 58, if the
> parties fail to submit final closing papers within fifteen (15) days from the
> date of this order.**

[Doc. No. 122] (emphasis original).

On August 12, 2013, after the Administrative Closing Order matured into a final

judgment, Plaintiff filed a Motion to Vacate Order/Judgment, wherein the Plaintiff explained that

"there was no meeting of the minds as to the terms of the settlement agreement" and requested

"the [action] be reopened as further litigation is necessary."  [Doc. No. 123].  On August 16,

2012, Defendants filed their Response to Plaintiff's Motion to Vacate, [Doc. No. 126], and a

Motion to Enforce Settlement Agreement, [Doc. No. 127].

## DISCUSSION

### A.  Motion to Vacate Order/Judgment

As a threshold matter, the Court finds that the dismissal of all of the claims without

prejudice pursuant to Fed.R.Civ.P. 41(a)(2) contained in the Administrative Closing Order

matured into a final judgment fifteen days after the Administrative Closing Order was entered on

June 28, 2010.  The Tenth Circuit has unequivocally held that "an administrative closing order that notifies the parties that the case will be dismissed with prejudice absent action on their part within a specified period of time is sufficient to terminate a case."  *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994); *see also Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 457 (10th Cir. 1995) ("Although perhaps administrative closing orders do not fit neatly into the conceptual scheme of Fed.R.Civ.P. 41, we have held that a plaintiff whose case is dismissed by an administrative closing order should be considered to have voluntarily dismissed its claim pursuant to Fed.R.Civ.P. 41(a)(2).").  The *Morris* court further held that if no action is taken to resolve the case, the administrative closing order "matures into a final judgment" which satisfies Fed.R.Civ.P. 58.  *Id.*  Here, Plaintiff's Motion to Vacate Order/Judgment was not filed until after the fifteen-day deadline had already passed; therefore, the order of dismissal in the Administrative Closing Order had already matured into a final judgment.  [*See* Doc. No. 123].

As such, the issue before the Court is whether the final judgment of dismissal without prejudice in this case may be vacated.  Fed.R.Civ.P. 60(b) provides a mechanism for a party to obtain relief from a final judgment, order, or proceeding.  The Court has broad discretion to grant or deny a motion to vacate judgment under Fed.R.Civ.P. 60(b).  *See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).  Relief under Fed.R.Civ.P. 60(b) is extraordinary and may only be granted in exceptional circumstances.  *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

The Court finds that Plaintiff has failed to demonstrate exceptional circumstances sufficient to justify disturbing the final judgment of dismissal without prejudice.  The parties'

failure to consummate the settlement agreement within the time specified in the Administrative

Closing Order or, in the alternative, request additional time in which to solidify the settlement

agreement does not warrant relief from the final judgment in this case.  Accordingly, Plaintiff's

Motion to Vacate Order/Judgment is denied.

**B.  Motion to Enforce Settlement Agreement**

The Court also finds that Defendant's Motion to Enforce Settlement Agreement must be

denied due to lack of subject-matter jurisdiction.  Once the district court has dismissed a case

pursuant to the parties' settlement agreement, the district court does not have ancillary

jurisdiction to enforce the settlement agreement, unless the order of dismissal shows an intent to

retain jurisdiction or the settlement agreement is incorporated into the order of dismissal.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994); *see also Morris,*

38 F.3d at 1110.  "Without reservation by the court, ... there must be an independent basis for

federal jurisdiction."  *Id.* at 1110-11 (citing *Kokkonen,* 511 U.S. at 382).

The Administrative Closing Order in this case does not show an intent to retain

jurisdiction for purposes of enforcing the settlement agreement following the entry of final

judgment.  The Administrative Closing Order provides that the Court will retain jurisdiction

during the fifteen-day period given to the parties to file closing documents, and that jurisdiction

over this action will terminate upon entry of a final judgment.  Thus, the Court's jurisdiction over

the case was extinguished after expiration of the fifteen-day period, and there must be an

independent basis for federal jurisdiction before the Court may consider the Motion to Enforce

Settlement Agreement.

The Court finds that no independent basis for federal jurisdiction exists.  Specifically,

because a motion to enforce a settlement agreement is a matter of state contract law, the Court's

jurisdiction rests on 28 U.S.C. § 1332 (diversity jurisdiction).  Based on the facts of this case, the

Court finds the parties are unable to satisfy the diversity of citizenship requirement of 28 U.S.C.

§ 1332.  Accordingly, the Court finds Defendant's Motion to Enforce Settlement Agreement

must be dismissed for lack of subject matter jurisdiction.[2]

### CONCLUSION

For the reasons outlined above, both Plaintiff's Motion to Vacate Order/Judgment, [Doc.

No. 123], and Defendants' Motion to Enforce Settlement Agreement, [Doc. No. 127], are

**DENIED**.

**IT IS SO ORDERED** this 22nd day of August, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2]  In light of the Court's holding, the court makes no findings on the merits of plaintiff's motion to enforce the settlement agreement, and the Court's order should not be construed as any finding that the settlement agreement is not enforceable in a proper venue.